# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MARION SIMS, | Case No. 1:15-cv-01263 DLB (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| PFEIFFER, et al., | |
| Defendants. | |

Plaintiff James Marion Sims ("Plaintiff"), an inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 17, 2015. He names Kern Valley State Prison ("KVSP") Chief Deputy Warden C. Pfeiffer, KVSP Correctional Counselor E. Sanders, KVSP Correctional Lt. Phillips and KVSP Correctional Officer B. Valdez as Defendants.[1]

**A.  SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

---

[1] Plaintiff consented to the jurisdiction of the United States Magistrate on November 30, 2015.

"Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at Pelican Bay State Prison. The events at issue occurred while he was incarcerated at KVSP.

Plaintiff contends that on April 30, 2012, Defendant Valdez wrote a false report claiming that Plaintiff threatened her and made an attempt to be "over familiar" with her. ECF No. 1, at 3.

On June 7, 2012, during the disciplinary hearing, Defendant Phillips told Plaintiff that he believed that he was innocent. Defendant Phillips further stated that the last time he did the right thing for a prisoner, he was demoted. Plaintiff believes that the fear of demotion caused Defendant Phillips to find him guilty.

On September 13, 2012, Defendant Sanders told the Committee that Plaintiff made a statement that threatened Defendant Valdez. Plaintiff contends that this statement was false and led to punishment "after C.S.R. agreed [he] did not threaten the officer." ECF No. 1, at 3.

Finally, Plaintiff alleges that Defendant Pfeiffer knew that Defendant Sanders made this false statement, but he upheld and confirmed the statement. Plaintiff contends that Defendant Pfeiffer was told by the C.S.R. Chairperson that "this was not a threat," but he ignored it. ECF No. 1, at 4.

Based on these allegations, Plaintiff contends that Defendants' actions were deliberately indifferent. He also contends that Defendant Pfeiffer violated his due process rights by not granting a new rules violation hearing.

**C.   DISCUSSION**

    1.   Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment, but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th

1  Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains
2  while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks
3  omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials
4  were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511
5  U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554
6  F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v.
7  Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

8       Contrary to Plaintiff's belief, a false disciplinary report and resulting punishment do not
9  rise to the level of an Eighth Amendment violation.  There is no indication that Defendants were
10 deliberately indifferent to a substantial risk of harm to his health or safety, and Plaintiff does not
11 allege that he was denied humane conditions of confinement as a result of the allegedly false
12 charges.

13      For these reasons, Plaintiff fails to state a claim under the Eighth Amendment.

14      2.     Due Process

15      "Prison disciplinary proceedings are not part of a criminal prosecution, and the full
16 panoply of rights due a defendant in such proceedings does not apply."  Wolff v. McDonnell, 418
17 U.S. 539, 556, 94 S.Ct. 2963 (1974).  With respect to prison disciplinary proceedings, the
18 minimum procedural requirements that must be met are:  (1) written notice of the charges; (2) at
19 least 24 hours between the time the prisoner receives written notice and the time of the hearing, so
20 that the prisoner may prepare his defense; (3) a written statement by the fact finders of the
21 evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call
22 witnesses in his defense, when permitting him to do so would not be unduly hazardous to
23 institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner
24 is illiterate or the issues presented are legally complex.  Id. at 563-71.  As long as the five
25 minimum Wolff requirements are met, due process has been satisfied.  Walker v. Sumner, 14 F.3d
26 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472
27 (1995).

28

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is *any* evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

In his complaint, Plaintiff does not allege that he was denied any of the applicable procedural protections, i.e., written notice of the charges or the right to call witnesses.

To the extent that he believes that his due process rights were violated by the issuance of the false report, Plaintiff has no due process right to be free from false rule violation reports. See e.g., Ellis v. Foulk, 2014 WL 4676530, at *2 (E.D.Cal. 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") (citing Hanrahan v. Lane, 747 F.2d 1137, 1140 (7th Cir. 1984)); Solomon v. Meyer, 2014 WL 294576, at *2 (N.D.Cal. 2014) ("[T]here is no constitutionally protected right to be free from false disciplinary charges.") (citing Chavira v. Rankin, 2012 WL 5914913, at *1 (N.D.Cal. 2012) ("The Constitution demands due process, not error-free decision-making.")).

Similarly, Plaintiff alleges that Defendant Pfeiffer violated his due process rights by failing to give Plaintiff a new hearing even though he was told that Plaintiff did not make any threats. This claim is essentially an allegation that Defendant Pfeiffer upheld a finding that Plaintiff believes was based on false allegations. As Plaintiff does not have a due process right to be free from false accusations, as noted above, he does not have a due process claim against a reviewer of those accusations.

Again, while Plaintiff may not be deprived of a protected liberty interest without the protections he is due under federal law, he does not contend that he was not afforded the process he was due with respect to his disciplinary hearing.

**D.     CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim against any Defendants. Due to the nature of the deficiencies, it is unclear whether Plaintiff can correct the issues. Nonetheless, the Court will

5

afford Plaintiff one opportunity to correct the deficiencies identified above. <u>Akhtar v. Mesa</u>, 698 F.3d 1202, 1212-13 (9th Cir. 2012); <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130-31 (9th Cir. 2000); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. <u>George v. Smith</u>, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere theory of respondeat superior, <u>Iqbal</u>, 556 U.S. at 676-77; <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012). Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's complaint is DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order.
4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **December 3, 2015**                    /s/ *Dennis L. Beck*
                                                 UNITED STATES MAGISTRATE JUDGE