UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES MARION SIMS, | Case No. 1:15-cv-01263 DLB (PC) |
| Plaintiff, | ORDER DISMISSING FIRST AMENDED COMPLAINT WITH LEAVE TO AMEND |
| v. | THIRTY-DAY DEADLINE |
| PFEIFFER, et al., | |
| Defendants. | |

Plaintiff James Marion Sims ("Plaintiff"), an inmate in the custody of the California Department of Corrections and Rehabilitation, is proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff filed this action on August 17, 2015. Pursuant to Court order, he filed a First Amended Complaint on December 30, 2015. He names Kern Valley State Prison ("KVSP")[1] Chief Deputy Warden C. Pfeiffer, KVSP Correctional Counselor E. Sanders and KVSP Correctional Officer B. Valdez as Defendants.[2]

**A.    SCREENING STANDARD**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The

---

[1] In his original complaint, Plaintiff listed Defendants as working at KVSP. In his amended complaint, he lists the same Defendants as working at Pelican Bay State Prison ("PBSP"), where Plaintiff is now incarcerated. As Defendant Pfeiffer is the Acting Warden at KVSP, it appears that Plaintiff simply made a mistake in listing PBSP in his amended complaint.

[2] Plaintiff consented to the jurisdiction of the United States Magistrate on November 30, 2015.

Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2). "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim that is plausible on its face.'" Id. (quoting Twombly, 550 U.S. at 555). While factual allegations are accepted as true, legal conclusions are not. Id.

Section 1983 provides a cause of action for the violation of Plaintiff's constitutional or other federal rights by persons acting under color of state law. Nurre v. Whitehead, 580 F.3d 1087, 1092 (9th Cir 2009); Long v. County of Los Angeles, 442 F.3d 1178, 1185 (9th Cir. 2006); Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002). Plaintiff's allegations must link the actions or omissions of each named defendant to a violation of his rights; there is no respondeat superior liability under section 1983. Iqbal, 556 U.S. at 676-77; Simmons v. Navajo County, Ariz., 609 F.3d 1011, 1020-21 (9th Cir. 2010); Ewing v. City of Stockton, 588 F.3d 1218, 1235 (9th Cir. 2009); Jones, 297 F.3d at 934. Plaintiff must present factual allegations sufficient to state a plausible claim for relief. Iqbal, 556 U.S. at 678-79; Moss v. U.S. Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The mere possibility of misconduct falls short of meeting this plausibility standard. Iqbal, 556 U.S. at 678; Moss, 572 F.3d at 969.

**B.      ALLEGATIONS IN COMPLAINT**

Plaintiff is currently incarcerated at PBSP. The events at issue occurred while he was incarcerated at KVSP.

Plaintiff alleges that on April 30, 2012, Defendant Valdez was deliberately indifferent because she falsified statements on a Rule Violation Report so that she could use the correctional system to have Plaintiff punished and falsely confined to Administrative Segregation. Plaintiff contends that she did it "for her own personal reasons and not by procedure." ECF No. 9, at 3.

On September 13, 2012, Defendant Sanders was deliberately indifferent. Plaintiff states that "she was told that the threat infraction was not a threat" by the higher authority, so when Defendant Sanders said that Plaintiff told her that he *did* threaten Defendant Valdez, she perjured herself. This led to Plaintiff being punished, which resulted in his continued false confinement in Administrative Segregation.

Also on September 13, 2012, Defendant Pfeiffer knew that Plaintiff was being held illegally in lock up because he was told that the Rule Violation was not a threat. Plaintiff did not receive a new hearing, nor was he given an "I.E.," the ability to call witnesses or the ability to see the captain. Plaintiff states that all this was bypassed by Defendant Pfeiffer, in violation of the Due Process Clause. Plaintiff also contends that this constitutes deliberate indifference.

**C.      DISCUSSION**

     1.      Eighth Amendment

The Eighth Amendment's prohibition against cruel and unusual punishment protects prisoners not only from inhumane methods of punishment, but also from inhumane conditions of confinement. Morgan v. Morgensen, 465 F.3d 1041, 1045 (9th Cir. 2006) (citing Farmer v. Brennan, 511 U.S. 825, 847 (1994) and Rhodes v. Chapman, 452 U.S. 337, 347 (1981)) (quotation marks omitted). While conditions of confinement may be, and often are, restrictive and harsh, they must not involve the wanton and unnecessary infliction of pain. Morgan, 465 F.3d at 1045 (citing Rhodes, 452 U.S. at 347) (quotation marks omitted). Thus, conditions which are devoid of legitimate penological purpose or contrary to evolving standards of decency that mark the progress of a maturing society violate the Eighth Amendment. Morgan, 465 F.3d at 1045 (quotation marks and citations omitted); Hope v. Pelzer, 536 U.S. 730, 737 (2002); Rhodes, 452 U.S. at 346.

Prison officials have a duty to ensure that prisoners are provided adequate shelter, food, clothing, sanitation, medical care, and personal safety, Johnson v. Lewis, 217 F.3d 726, 731 (9th

Cir. 2000) (quotation marks and citations omitted), but not every injury that a prisoner sustains while in prison represents a constitutional violation, Morgan, 465 F.3d at 1045 (quotation marks omitted).  To maintain an Eighth Amendment claim, a prisoner must show that prison officials were deliberately indifferent to a substantial risk of harm to his health or safety.  E.g., Farmer, 511 U.S. at 847; Thomas v. Ponder, 611 F.3d 1144, 1150-51 (9th Cir. 2010); Foster v. Runnels, 554 F.3d 807, 812-14 (9th Cir. 2009); Morgan, 465 F.3d at 1045; Johnson, 217 F.3d at 731; Frost v. Agnos, 152 F.3d 1124, 1128 (9th Cir. 1998).

In the prior screening order, the Court explained that a false disciplinary report and resulting punishment do not rise to the level of an Eighth Amendment violation.  Plaintiff did not allege that Defendants were deliberately indifferent to a substantial risk of harm to his health or safety, and he did not allege that he was denied humane conditions of confinement as a result of the allegedly false charges.  Placement in segregated housing for disciplinary reasons is constitutional, provided the prisoner is provided with the basic necessities, including "food, clothing, shelter, sanitation, medical care, and personal safety."  Toussaint v. McCarthy, 801 F.2d 1080, 1107 (9th Cir.1986).

Plaintiff has not corrected this deficiency in his amended complaint.  He continues to allege that Defendant Valdez wrote false statements in a Rules Violation Report so that she could have Plaintiff punished with false confinement in Administrative Segregation.  He also alleges that Defendant Sanders knew that Plaintiff had not threatened Defendant Valdez, but Defendant Sanders called it a threat nonetheless, resulting in false confinement in Administrative Segregation.  Similarly, Plaintiff alleges that Defendant Pfeiffer knew that Plaintiff had not threatened Defendant Sanders and was therefore being held illegally in Administrative Segregation.  Again, Plaintiff has no constitutionally-guaranteed immunity from being falsely or wrongly accused of conduct that may lead to disciplinary sanctions.  See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir.1989).  He presents no allegations of a sufficiently serious nature to implicate the Eighth Amendment.

Plaintiff therefore fails to state an Eighth Amendment claim against any Defendant.

///

4

2.     Due Process

"Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." Wolff v. McDonnell, 418 U.S. 539, 556, 94 S.Ct. 2963 (1974). With respect to prison disciplinary proceedings, the minimum procedural requirements that must be met are: (1) written notice of the charges; (2) at least 24 hours between the time the prisoner receives written notice and the time of the hearing, so that the prisoner may prepare his defense; (3) a written statement by the fact finders of the evidence they rely on and reasons for taking disciplinary action; (4) the right of the prisoner to call witnesses in his defense, when permitting him to do so would not be unduly hazardous to institutional safety or correctional goals; and (5) legal assistance to the prisoner where the prisoner is illiterate or the issues presented are legally complex. Id. at 563-71. As long as the five minimum Wolff requirements are met, due process has been satisfied. Walker v. Sumner, 14 F.3d 1415, 1420 (9th Cir. 1994), abrogated on other grounds by Sandin v. Connor, 515 U.S. 472 (1995).

In addition, "some evidence" must support the decision of the hearing officer, Superintendent v. Hill, 472 U.S. 445, 455, 105 S.Ct. 2768 (1985), and the evidence must have some indicia of reliability, Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987). The "some evidence" standard is not particularly stringent and the relevant inquiry is whether "there is any evidence in the record that could support the conclusion reached. . . ." Hill, 472 U.S. at 455-56 (emphasis added).

In the prior screening order, the Court informed Plaintiff that he did not have a due process right to be free from false disciplinary charges. See e.g., Ellis v. Foulk, 2014 WL 4676530, at *2 (E.D.Cal. 2014) ("Plaintiff's protection from the arbitrary action of prison officials lies in 'the procedural due process requirements as set forth in Wolff v. McDonnell.'") As Plaintiff could not state a claim based on the allegedly false charges, the Court further explained that he could not state a claim against Defendant Pfeiffer for failing to give him a new hearing even though he was told that Plaintiff did not make any threats. "This claim is essentially an allegation that Defendant Pfeiffer upheld a finding that Plaintiff believes was based on false allegations. As Plaintiff does

5

not have a due process right to be free from false accusations, as noted above, he does not have a due process claim against a reviewer of those accusations." ECF No. 8, at 5.

Insofar as Plaintiff repeats these claims against Defendant Pfeiffer, his allegations are insufficient to state a claim.

However, Plaintiff now asserts that Defendant Pfeiffer did not give him an "I.E.," the ability to call witnesses or the ability to see the captain. Of these alleged denials, only the deprivation of his right to call witnesses may implicate his due process rights.[3] However, it is unclear whether Plaintiff contends that he was denied this right during the actual hearing, or at a new hearing that never occurred. If Plaintiff was not permitted to call witnesses during the hearing that actually occurred, he may ultimately state a claim. At this point, though, his allegations are too vague to make such a determination.

Plaintiff does not state a due process claim against Defendant Pfeiffer. He may amend his claim if he contends that he was denied the right to call witnesses at his disciplinary hearing. Plaintiff should include sufficient factual detail surrounding the alleged denial, as he cannot rely on conclusory statements. Iqbal, 129 S. Ct. 1937, 1949 (2009).

**D.    CONCLUSION AND ORDER**

Plaintiff's complaint fails to state a claim against any Defendants. The Court will afford Plaintiff a final opportunity to correct the deficiencies identified above, though he should only amend if he can do so in good faith. Akhtar v. Mesa, 698 F.3d 1202, 1212-13 (9th Cir. 2012); Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000); Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987). If Plaintiff amends, he may not change the nature of this suit by adding new, unrelated claims in his amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

If Plaintiff files an amended complaint, it should be brief, Fed. R. Civ. P. 8(a), but under section 1983, it must state what each named defendant did that led to the deprivation of Plaintiff's constitutional rights and liability may not be imposed on supervisory personnel under the mere

---

[3] The Court assumes that an "I.E." is an independent examiner, to which Plaintiff has no due process right. If the Court is incorrect and "I.E." is analogous to a legal assistant, Plaintiff may state a claim if he is illiterate, if or the issues presented are legally complex. Plaintiff did not include any allegations, however, that would seem to implicate this right.

theory of respondeat superior, <u>Iqbal</u>, 556 U.S. at 676-77; <u>Starr v. Baca</u>, 652 F.3d 1202, 1205-07 (9th Cir. 2011), cert. denied, 132 S.Ct. 2101 (2012).  Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level. . ." <u>Twombly</u>, 550 U.S. at 555 (citations omitted).

    Finally, an amended complaint supercedes the original complaint, <u>Lacey v. Maricopa County</u>, 693 F.3d 896, 907 (9th Cir. 2012) (en banc), and it must be "complete in itself without reference to the prior or superceded pleading," Local Rule 220.

    Based on the foregoing, it is HEREBY ORDERED that:

1. Plaintiff's First Amended Complaint is DISMISSED WITH LEAVE TO AMEND;
2. The Clerk's Office shall send Plaintiff a complaint form;
3. Within **thirty (30) days** from the date of service of this order, Plaintiff must file an amended complaint curing the deficiencies identified by the Court in this order.
4. <u>If Plaintiff fails to comply with this order, this action will be dismissed, without prejudice, for failure to obey a court order.</u>

IT IS SO ORDERED.

Dated:   **March 11, 2016**                    /s/ Dennis L. Beck
                                                   UNITED STATES MAGISTRATE JUDGE